**Daniel J. ORNELAS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–9027.**

Court of Appeals of Alaska.

Feb. 24, 2006.

Sidney K. Billingslea, Law Office of Sidney K. Billingslea, Anchorage, for the Appellant.

Nancy R. Simel, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and David W. Márquez, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

COATS, Chief Judge.

Daniel J. Ornelas made false statements to obtain unemployment insurance benefits to which he was not entitled, in the amount of $12,152. The Alaska Employment Security Act, set out in Title 23, Section 20 of the Alaska Statutes, regulates the payment of unemployment compensation. The State charged Ornelas under this Act with 23 counts of knowingly making a false statement with the intent to obtain unemployment insurance benefits, a class B misdemeanor.[1] Additionally, the State charged Ornelas under Title 11, the Alaska Criminal Code, for the felony offense of theft in the second degree.[2] Ornelas argues that the legislature intended for the remedies set forth in the Alaska Employment Security Act to be the exclusive remedies for unlawfully obtaining unemployment benefits. He argues that the State could not also charge him with theft in the second degree under the criminal code. Superior Court Judge Michael L. Wolverton rejected Ornelas's argument.

The Alaska Employment Security Act only criminalizes knowingly making false statements to obtain unemployment benefits. It does not criminalize the actual receipt of those benefits. We therefore conclude that the legislature did not intend to preclude the State from prosecuting as theft the fraudulent obtaining of those benefits.

---

1. AS 23.20.485.

2. AS 11.46.130(a)(1).

## Factual and procedural background

Ornelas filed for unemployment benefits on May 20, 1998, and on October 28, 1999. Ornelas falsely reported that he had not worked and had not received earnings. As a result, Ornelas wrongfully received 23 unemployment benefit payments from the Alaska Department of Labor. The payments totaled $12,152.

Following an investigation, Ornelas admitted to a Department of Labor investigator that he had received $12,152 in benefits to which he was not entitled. He repaid that amount.

The State first charged Ornelas under Title 11, the Alaska Criminal Code. He was charged with 23 counts of unsworn falsification, a class A misdemeanor.[3] The State also charged Ornelas with theft in the second degree,[4] a felony offense that criminalizes the theft of property or services of more than $500 but less than $25,000. The theft statutes authorize the State to aggregate the amounts that the thief obtains "under one course of conduct."[5] Therefore, the State consolidated the amount of all of the benefits that Ornelas obtained unlawfully into a single count of theft.

Ornelas moved to dismiss these charges. Ornelas argued that the Alaska Employment Security Act provided the exclusive remedies for unlawfully obtaining unemployment benefits. He noted the Alaska Employment Security Act made him ineligible for future benefits and required repayment of the amount of benefits that he had unlawfully obtained, including possible penalties. He also pointed out that, under the Act, he could be criminally charged with a class B misdemeanor for making false statements to obtain benefits.[6] Ornelas argued that, because the Act provided exclusive remedies, the State could not charge him under Title 11.

Judge Wolverton agreed with Ornelas that the State could not charge him under the Alaska Criminal Code with the class A misdemeanor of unsworn falsification. Judge Wolverton pointed out that the Alaska Employment Security Act contained a specific charge that criminalized making false statements to secure unemployment insurance benefits. He concluded that the legislature must have intended for this to be the exclusive remedy for making false statements to obtain employment benefits. But Judge Wolverton found that the State could charge Ornelas with felony theft under the Alaska Criminal Code for unlawfully obtaining unemployment benefits.

Following this ruling, the State dismissed the unsworn falsification charges. Instead, the State charged Ornelas under the Employment Security Act with 23 counts of making false statements in order to obtain unemployment benefits pursuant to AS 23.20.485.

Following a trial on stipulated facts, Judge Wolverton convicted Ornelas on all counts. Ornelas now appeals his conviction for theft in the second degree.

## Analysis

Ornelas claims that Chapter 23, Title 20, the Alaska Employment Security Act, contains the exclusive remedies for violations of the Act. But it does not appear to us that the legislature intended to preclude the State from prosecuting, for theft, a person who unlawfully obtained unemployment benefits. The Alaska Employment Securities Act provides civil penalties that can disqualify a person from receiving future benefits and requires a person who has unlawfully obtained benefits to repay the benefits plus a statutory penalty.[7] The Act also provides for criminal penalties for knowingly making false statements to obtain benefits.[8] But it does not have a provision criminalizing the actual obtaining of those benefits.

Did the legislature intend to not criminalize the actual obtaining of benefits? This seems unlikely. It seems more likely that

---

3. AS 11.56.210.

4. AS 11.46.130(a)(1).

5. AS 11.46.980(c).

6. AS 23.20.485.

7. AS 23.20.390(a) & (f).

8. AS 23.20.485.

the legislature anticipated that the actual obtaining of benefits would be prosecuted as theft under the Criminal Code. The theft statute allows the State to consolidate the amount that the defendant unlawfully obtained. And the criminal penalties rise with the magnitude of the theft. It appears to us that this is the course the legislature chose to criminalize the actual obtaining of benefits.

Ornelas points to AS 23.20.500, which addresses other violations of law under the Alaska Employment Security Act. He argues that the statute provides a remedy for the actual receipt of benefits that were unlawfully obtained. That statute provides that if a person willfully violates a provision of the Act "for which a penalty is not prescribed in this chapter or provided by another applicable statute," they will face a maximum fine of $200 and 60 days in jail. But this statute merely provides a remedy for violations that are not prescribed by the Act or "by another applicable statute." In this case, "another applicable statute" is the statute criminalizing theft.

We conclude that the legislature did not intend for the Alaska Employment Securities Act to provide the sole remedies available to prosecute the unlawful obtaining of unemployment benefits. The legislature intended for the State to be able to prosecute the unlawful obtaining of unemployment benefits as theft. Accordingly, we affirm Ornelas's conviction for theft in the second degree.

The judgment of the superior court is AFFIRMED.